IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANNY FAULKNER, | Cause No. CV 15-105-M-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| LEROY KIRKEGARD, et al., | |
| Respondents. | |

This case comes before the Court on Petitioner Danny Faulkner's application for writ of habeas corpus under 28 U.S.C. § 2254. Faulkner is a state prisoner proceeding pro se.

On December 28, 2015, Faulkner was ordered to show cause as to why his second and third claims should not be dismissed as time-barred and procedurally defaulted. (Doc. 8). Faulkner was advised that failure to respond to the Court's order would result in a recommendation that the two claims be dismissed with prejudice. *Id*. at 7. Faulkner failed to timely respond to the Order, accordingly, it is recommended that Claim 2 and Claim 3 of his petition be dismissed with prejudice as time-barred and procedurally defaulted.

In relation to Claim 1, Faulkner asks this Court to find that the Montana Supreme Court intentionally mislead Faulkner in its Order denying his petition for

1

a writ of habeas corpus in an effort to keep Faulkner's illegal conviction intact. (Doc. 1 at 5- 11). Specifically, Faulkner takes issue with the Montana Supreme Court's application of the word "attack" contained in Mont. Code Ann. § 46-22-101, as well as the Court's interpretation of its own decision and application of *Lott v. State*, 150 P. 3d 337 (2006), to Faulkner's case. *Id*. at 5- 8.

A habeas claim is cognizable only when it is based upon the ground that an individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011)(per curium). Mr. Faulkner asks this Court to interpret provisions of Montana law as they have been applied to his conviction and sentence. Such a determination is not one that is to be made by a federal court. See *Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law")(citations omitted); see also *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

Based on the foregoing, the Court makes the following:

### RECOMMENDATION

1. Claim 1 should be DISMISSED for failure to establish a constitutional violation.

2. Claims 2 and 3 should be DISMISSED as time-barred and procedurally

defaulted.

3. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Faulkner may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Faulkner must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 25th day of January, 2016.

>  */s/ Jeremiah C. Lynch*
> Jeremiah C. Lynch
> United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.